OPINION
{¶ 1} In 1993, the City of Dover contracted with appellant, Newcomerstown Tree Service, to trim trees in the city in order to maintain the power lines. Appellant trimmed trees located on property owned by Virginia Swinderman. On August 29, 1997, Ms. Swinderman filed a complaint against appellant and the City of Dover for trespass.
 {¶ 2} On March 22, 1999, Ms. Swinderman deeded the subject property to her son, appellee, Brett Swinderman. Thereafter, Ms. Swinderman passed away. The complaint was subsequently dismissed on December 6, 1999.
 {¶ 3} On December 5, 2000, the complaint was refiled with plaintiff listed as "Brett Swinderman." The trial court dismissed this plaintiff and ordered the joining or substitution of the real party in interest. Via notice filed September 6, 2001, the "Estate of Virginia Swinderman by Brett Swinderman and Brad Swinderman, Co-Executors" was joined as a plaintiff, appellee herein.
 {¶ 4} Prior to trial, appellee settled with the City of Dover for $7,000. A jury trial against appellant commenced on November 18, 2002. The jury found in favor of appellee in the amount of $10,000. The trial court trebled the damages to $30,000. Judgment was entered on November 22, 2002.
 {¶ 5} On November 22, 2002, appellant filed a motion for set-off involving the $7,000 settlement. By judgment entry filed December 19, 2002, the trial court denied said motion.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "The Trial Court Erred In Excluding Defendant's Expert Testimony As To The Lack Of Any Diminution In Value Of The Subject Property After Allowing Plaintiff To Present Hearsay Diminution Evidence (allegedly Attributable To The Same Expert) In Its Case In Chief."
 II {¶ 8} "The Trial Court Erred In Instructing The Jury That Restoration, As Opposed To Diminution In Value, Was The Proper Measure Of Damages, As The Plaintiff Was Not The Owner Of The Property."
 III {¶ 9} "The Trial Court Erred In Not Granting Motions For Summary Judgment When The Case Was Not Filed By The Proper Plaintiff In Accordance With The Savings Statute, And Further Not Filed Against The Proper Defendant."
 IV {¶ 10} "The Trial Court Erred In Failing To Set Off The Settlement Of Co-defendant City Of Dover From The Verdict."
 I {¶ 11} Appellant claims the trial court erred in excluding its expert from testifying on the diminution of value of the subject property. We agree.
 {¶ 12} As part of its case-in-chief, appellee presented the deposition testimony of the decedent, Virginia Swinderman. T. at 96. Appellant objected to the testimony on valuation given by Ms. Swinderman. Civ.R. 32(A) permits such reading "so far as admissible under the rules of evidence."
 {¶ 13} During the deposition testimony, Ms. Swinderman testified to a diminished value to her property as a result of appellant's actions:
 {¶ 14} "Q. Okay. Mrs. Swinderman, how have you been damaged or injured by the cutting of these trees?
 {¶ 15} "* * *
 {¶ 16} "As far as I'm concerned, we have lost about somewhere between 30 and 35,000 dollars in value on the property.
 {¶ 17} "* * *
 {¶ 18} "I'm telling you that the value has went down somewhere between 30 and 35,000 because of the loss of the trees. You have taken away the aesthetic beauty of the property. You have taken away the sanctuary part that Dad spent half of his life building up to get that. When you drove into Dad's house, it was like leaving the world behind. You were alone in a little woods, and that's what he wanted. That's what Mom wanted. And it was like a retreat. It's gone.
 {¶ 19} "* * *
 {¶ 20} "Sure. Your heating bill is going to go up for the next 20, 30 years. You don't have the wind break there anymore. You don't have the breeze that always blew up. They never needed air-conditioning; they need it now. You have got wind damage that will also hit the front porch and the top of the front of the house, which it never did before. Wind and rain damage when it blows, because there was a barrier there. That was the other reason he put it there, besides the aesthetic value that he wanted, he put it there for the north wind.
 {¶ 21} "Q. When you say the 30 to 35, is that a personal estimate? Have you gotten those numbers from a real estate expert? Are you, yourself, a real estate expert?
 {¶ 22} "A. We had consulted a real estate expert." V. Swinderman depo. at 47-49.
 {¶ 23} After the trial court excluded appellant's expert from testifying on the diminution of value of the subject property, appellant proffered the issue, stating the expert would have testified "there was essentially no diminution in value." T. at 308-309.
 {¶ 24} Upon review, we find appellant, despite the trial court's opinion on the proper method of damages, had the right to produce contra evidence to Ms. Swinderman's deposition. The matter is reversed and remanded to the trial court for new trial.
 {¶ 25} Assignment of Error I is granted.
 II, IV {¶ 26} Given our ruling in Assignment of Error I, we find these assignments to be moot.
 III {¶ 27} Appellant claims the trial court erred in permitting plaintiff Brett Swinderman to join the proper party complainant and the proper party defendant. We disagree.
 {¶ 28} The gravamen of appellant's assignment is that the trial court should not have permitted the joinder of the Estate of Virginia Swinderman when the savings statute, R.C. 2305.19, had been invoked. Appellant also argues the trial court erred in permitting the joinder of John McDonald as the dba of Newcomerstown Tree Service as a party-defendant at the time of trial and without service of process upon him.
 {¶ 29} Factually, the property owner at the time of the averred damage was Virginia Swinderman. Ms. Swinderman deeded the property to her son, Brett Swinderman before she passed away. Her estate listed her trespass claim as an estate asset. Her sons, Brett and Brad Swinderman, became the executors of her estate. Pursuant to Civ.R. 17(A), the trial court ordered the plaintiff Brett Swinderman to join or substitute the real party in interest. Thereafter, plaintiff Brett Swinderman joined the estate and the executors. We find no error by the trial court in permitting the joinder of the estate.
 {¶ 30} The next question is whether the refiling of the complaint was permissible with the passing of the original property owner. Pursuant to a clear reading of R.C. 2305.19, the cause of action survives and is maintainable by the executors of the estate. Therefore, we find no error in the trial court's decision to deny the summary judgment motion on this issue.
 {¶ 31} The most troublesome issue is the lack of identifying the defendant until the day of trial. The trial court permitted the oral amendment of the pleading to include John McDonald as the dba without service of an amended complaint upon Mr. McDonald.
 {¶ 32} Under Civ.R. 15(C), this court's decision in Austin v.Bently's Entertainment Center (September 20, 2000), Tuscarawas App. No. 1999 AP 07 0046, and the Supreme Court of Ohio's decision in Boehmke v.Northern Ohio Traction Co. (1913), 88 Ohio St. 156, we find the facts sufficient to permit the amendment. Mr. McDonald participated in the discovery process and was involved in the entire course of the proceedings. Therefore, we find no error by the trial court in permitting such an amendment without service of process.
 {¶ 33} Assignment of Error III is denied.
 {¶ 34} The judgment of the court of Common Pleas of Tuscarawas County, Ohio is hereby reversed and remanded.